**Absa SAMBA, Petitioner,**

**v.**

**Alberto GONZALES, Attorney General of the United States, Respondent.**

No. 06–5182–ag.

United States Court of Appeals,
Second Circuit.

July 16, 2007.

Ronald S. Solomon, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; Michelle E. Gorden Latour, Assistant Director; Koshei Ugumori, Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI, and Hon. JOSÉ A. CABRANES, Circuit Judges.

### SUMMARY ORDER

Petitioner Absa Samba, a native and citizen of Gambia, seeks review of an order of the BIA affirming the May 4, 2005 decision of Immigration Judge ("IJ") Joanna Miller Bukszpan, denying Samba's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Samba, Absa,* No. A78 688 829 (B.I.A. Oct. 10, 2006), *aff'g* No. A78 688 829 (Immig. Ct.

N.Y. City May 4, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Where the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

Here, substantial evidence supports the IJ's determination that Samba failed to establish eligibility for asylum. To establish eligibility, an asylum applicant must show that she has suffered past persecution or has a well-founded fear of future persecution. *See* 8 U.S.C. § 1101(a)(42). The IJ correctly concluded that the treatment Samba alleged—a three-day detention, during which she was not physically mistreated, and a demotion to receptionist—does not rise to the level of persecution. *See Ai Feng Yuan v. U.S. Dep't of Justice,* 416 F.3d 192, 198 (2d Cir.2005). Furthermore, while Samba may have a genuine, subjective fear of future persecution, the IJ correctly concluded that her fear is not objectively reasonable and, thus, not well-founded. *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir. 2004).

Because Samba failed to raise her claims for withholding of removal and CAT relief before the BIA or in her brief to this

**674**

Court, we deem those claims abandoned. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).